200 So. 830

**WILLIAMS et al. v. WEAVER BROS. LUMBER CO.**

No. 35695.

Feb. 3, 1941.

Rehearing Denied March 3, 1941.

John G. Gibbs, of Natchitoches, for plaintiffs-appellees.

W. W. McDonald, of Shreveport, and J. D. Rusca, of Natchitoches, for defendant and appellant.

ODOM, Justice.

Plaintiffs, alleging that they were the owners of a certain tract of land in the Parish of Natchitoches, brought this suit against the Weaver Brothers Lumber Company, Ltd., for $4,000, the alleged manufactured value of 100,000 feet of timber cut and removed from their land by defendant. They alleged that the defendant, through its agents, removed the timber over their protest, that defendant acted in bad faith, and therefore plaintiffs are entitled to recover the manufactured value of the timber removed.

Defendant in answer admitted plaintiffs' ownership of the land and admitted that it had removed therefrom some timber. But it denied that plaintiffs were the owners of the timber at the time of the alleged trespass, and specifically alleged that it owned the timber.

There was judgment in favor of plaintiffs for $658.02. From this judgment both plaintiffs and defendant appealed. Plaintiffs did not perfect their appeal but answered defendant's appeal, praying that the amount of the judgment be increased to the amount originally demanded.

The land which plaintiffs own and from which the timber here involved was cut is known as the Dan Williams land. Plaintiffs are the widow and children of Dan Williams. Just how and when Dan Williams acquired the land is not shown. But that is not material because defendant admits that plaintiffs are the owners of the land. According to the deeds offered and filed in evidence by the defendant, plaintiffs, Paralee Williams, widow of Dan Williams, and Isaac, Mack, Thomas, and Lela Williams, four of the children of Dan

and Paralee Williams, sold to Adam Nabors.

"All of the timber of whatsoever nature and kind now standing, lying and growing on the following described property, to-wit."

Then follows a description of the land which plaintiffs now allege that they own. This deed is dated August 2, 1927, and contains the following clause:

"It is further agreed and understood that the purchaser herein shall have fifteen years from date hereof in which to cut and remove the timber from the above described lands, with the right of ingress and egress thereon and the right to erect tram roads, wagon roads, telephone lines, or telegraph lines, and to do all things necessary to enable them to cut and remove the timber from the said land."

By separate deed dated August 27, 1927, Luther Williams and George Williams, two of the children of Dan Williams, sold to Adam Nabors.

"All of the timber of whatsoever nature or kind now lying, being, standing and growing on the following described tract of land to wit."

Then follows a description of the land, which is the same as the description in the deed referred to above. This deed, like the one above referred to, grants to the vendee, Adam Nabors, 15 years in which to cut and remove the timber from the land, and grants all logging privileges specified in the other deed.

Another deed offered and filed in evidence is one by which Adam Nabors, the Williams' vendee, sold to Peavy-Wilson Lumber Company.

"All of the timber of each and every kind now standing, lying and growing on the following described land towit."

The description is the same as that in the deeds made to Nabors by the widow and heirs of Dan Williams. This deed is dated November 3, 1927.

The record shows that Peavy-Wilson Lumber Company sold the same timber to Weaver Brothers Lumber Company on October 22, 1936. Each of these deeds is recorded in the Conveyance Records of the Parish of Natchitoches, where the land is situated.

Therefore, in this case, as in the cases of Martha McGaskey Nabors et al. v. Weaver Brothers Lumber Company, La. Sup., 200 So. 827, and C. B. Clark v. Weaver Brothers Realty Corporation, No. 35693, La.Sup., 200 So. 821, this day decided, the documentary evidence shows that plaintiffs did not own the timber on their land in the early part of 1937, when they alleged that defendant trespassed upon it.

But, in this case, as in the other two, plaintiffs ground their claim of present ownership of the timber upon the theory that in the year 1932 or 1933 the Peavy-Wilson Lumber Company, the then owner of the timber, cut and removed from the land through its agent, I. J. Spence, the timber which plaintiffs sold to Adam Nabors and which Nabors sold to the lumber company, and that, having removed from the land the timber which it pur-

chased, the Peavy-Wilson Lumber Company exercised and exhausted all the rights and privileges granted by the timber contracts.

Upon plaintiffs' motion, this case was consolidated in the trial court with the Nabors case, to which we have referred above. Apparently the reasons for the request for consolidation were that the Williams land lies near to, and some of it probably adjacent to, the Nabors land; that the cutting of the timber from the Williams land was done by the same man, Spence, who removed the timber from the Nabors land; that the cutting was done on these tracts at the same time and under the same conditions and with the same instructions from the Peavy-Wilson Lumber Company, which company at that time owned the timber on each of the tracts. The same counsel who represented plaintiffs in the Nabors and Clark cases represents plaintiffs in this suit.

The issues involved in this case are precisely the same as those involved in the other two cases. To support plaintiffs' theory that the Peavy-Wilson Lumber Company had, in 1932 or 1933, exercised and exhausted its rights and privileges under this contract, counsel for plaintiffs called I. J. Spence, the same witness relied upon in the other two cases, to prove the cutting and removal of timber.

It would subserve no useful purpose to review again the testimony of Spence as to his timber cuttings in 1932 or 1933. It suffices to say that at that time, according to the evidence, the Peavy-Wilson Lumber Company owned the timber on

some seven or eight small tracts of land in the same vicinity, and that, according to the testimony of Spence, he cut and removed from several of the tracts—including the Clark, Nabors, and Williams tracts—all of the timber suitable for making caps, deckers, and stringers. In this case, as in the other two, the testimony shows beyond question that only selective cuttings were made on the lands, and that after those cuttings there remained on the lands a large amount of timber suitable for the manufacture of lumber. As evidence of this fact, plaintiffs in this case alleged that in January or February, 1937, defendant removed from their land 100,000 feet of timber suitable for the manufacture of lumber, and the testimony shows that the timber removed was suitable for the manufacture of good-grade lumber.

In this case, as in the Nabors case, some effort was made to show that, after the Spence cutting, the Peavy-Wilson Lumber Company abandoned the land, indicating that it had removed all the timber it claimed to own. But, as in the Nabors case, plaintiffs were unsuccessful in their attempt.

Plaintiffs offered some testimony to show that, at or about the time defendant cut the timber in the early part of 1937, it made some effort to get plaintiffs to confirm its title to the timber. The purpose of this testimony was to show that the defendant realized that it had lost title. One of the witnesses called by defendant admitted that, when it was informed that the plaintiffs in this case and those in the other cases mentioned were making claims

to the timber, an effort was made by defendant to satisfy the claimants in order to avoid litigation. The witness denied, however, that this was done because it was thought that defendant's title to the timber was defective.

In this case, as in the Nabors and Clark cases, plaintiffs failed to prove that the Peavy-Wilson Lumber Company exercised and exhausted the rights and privileges granted it under the timber contract.

For the reasons herein assigned and for the reasons stated in the case of C. B. Clark v. Weaver Brothers Realty Corporation, supra, No. 35693, this day decided, the judgment appealed from is reversed and set aside, and plaintiffs' suit is dismissed at their costs.

O'NIELL, C. J., and LAND, J., do not take part.