200 So. 827

**NABORS et al. v. WEAVER BROS.
LUMBER CO.**

No. 35694.

Feb. 3, 1941.

Rehearing Denied March 3, 1941.

John G. Gibbs, of Natchitoches, for plaintiffs, appellees.

W. W. McDonald, of Shreveport, and J. D. Rusca, of Natchitoches, for defendant, appellant.

ODOM, Justice.

Plaintiffs filed this suit on September 16, 1937, alleging that they are owners of a tract of land in the Parish of Natchitoches, and that in February or March, 1937, Weaver Brothers Lumber Company, over their protest, trespassed upon their land and cut and removed therefrom 52,000 feet of logs by log scale. Alleging that the timber was removed in bad faith, they sue defendant for $2,163, the alleged manufactured value of the logs.

Defendant in answer admitted that it had cut and removed some timber from plaintiffs' land in the early part of 1937, but denied that plaintiffs were then the owners of the timber and denied that it owed plaintiffs any sum whatever.

Defendant alleged that on or about March 17, 1927, Adam Nabors was then the owner of the land described in plaintiffs' petition and that at that time he sold to the Peavy-Wilson Lumber Company, Inc., all of the timber of every kind situated on the land described; that Adam Nabors granted to said Peavy-Wilson Lumber

Company a period of 15 years from the date of the deed within which to cut and remove the timber; that on or about October 22, 1936, Peavy-Wilson Lumber Company sold the same timber to it, all as shown by deeds of record in the Parish of Natchitoches.

Defendant alleged further that on or about June 3, 1937, Martha Nabors, one of the plaintiffs, executed a ratification deed, acknowledging the validity of defendant's title to said timber.

There was judgment in favor of plaintiff for $478.99, with interest from judicial demand. From this judgment both plaintiffs and defendant appealed. Plaintiffs did not perfect their appeal but answered defendant's appeal, praying that the judgment be increased to the amount demanded.

Plaintiffs are the widow and children of Adam Nabors, who died in 1931. Defendant offered and filed in evidence a deed dated March 17, 1927, by which Adam Nabors sold, under full warranty of title, to Peavy-Wilson Lumber Company, Inc., the following described property, to-wit:

"All the timber of each and every kind situated upon the NE4 of NW4 NW4 NE4 Sec 36 T 7 N R 9 W containing 80 acres and being situated in Ward No. 7 Natchitoches Parish, La."

The deed contains the following stipulation:

"With the right of ingress and egress to cut move and manufacture the said timber to build roads camps and other structures necessary to cut fell & remove the said timber, from off the said land.

"Fifteen years from date hereof is given in which time to cut fell and remove the said timber."

The consideration mentioned in the deed is $520.00 cash.

Defendant also offered and filed in evidence a deed from Peavy-Wilson Lumber Company, Inc., to Weaver Brothers Lumber Corporation, the defendant, conveying certain timber which it owned in the Parishes of Natchitoches and Sabine, including the timber on the Nabors land—the timber involved in this suit.

Defendant also offered and filed in evidence a deed dated June 3, 1937, which deed was executed by Martha Nabors, one of the plaintiffs, in ratification of the validity of defendant's title to the timber.

It thus appears from this documentary evidence that the plaintiffs were not the owners of the timber involved when it was cut in the early part of 1937, because Adam Nabors had sold all the timber of every character and description on the land on March 17, 1927, and had given the purchaser 15 years—or until March 17, 1942—in which to remove the timber from the land. The documentary evidence shows also that the defendant in this case did own the timber which it removed from the land.

But the plaintiffs in this case base their claim of present ownership of the timber on the theory that in 1932 or 1933 the Peavy-Wilson Lumber Company, to which Adam Nabors sold the timber, went upon the land and cut and removed therefrom the timber estate which it had purchased from Nabors; that, having at that time ex-

ercised the rights and privileges of going upon the land and removing the timber purchased, it thereby exhausted all privileges granted by the deed, and that thereafter neither the Peavy-Wilson Lumber Company nor its vendee, the defendant in this case, had any right to reenter the land for the purpose of cutting timber.

Plaintiffs in this case made the same claim and advanced the same theory in support of their claim of present ownership of the timber as did Clark in the case of C. B. Clark v. Weaver Brothers Realty Corporation, No. 35693, La.Sup., 200 So. 821, this day decided.

Plaintiffs in this case are represented by the same counsel who represented Clark, and, to prove that the Peavy-Wilson Lumber Company had removed from the ·Nabors land the timber which it purchased, called the same witnesses as were called in the Clark case, one of whom was I. J. Spence. Spence testified that in the year 1932 or 1933 he owned and operated a small sawmill near the Nabors property, and, according to instructions given by the Peavy-Wilson Lumber Company, he went upon the Nabors land and cut and removed therefrom all the timber suitable for making caps, deckers, and stringers. He testified in this case, as he did in the Clark case, that he had positive instructions from the lumber company not to cut any lumber, but to cut only such trees as were suitable for caps, deckers, and stringers. In this case, as in the Clark case, he testified that the reason he was instructed not to cut lumber was that, due to the economic depression which then existed, there was no market for lumber, and he expressed the view that, since there was no market for lumber and since he cut all of the trees suitable for making caps, deckers, and stringers, he cut all of the merchantable timber then on the land.

In answer to a direct question as to what timber he cut and removed from the Nabors land, Spence said:

"My contract was I got so much per thousand for cutting decking, caps and stringers, and a slight amount for what lumber I cut, with specific instructions not to cut lumber because it wasn't worth anything at that time and finally cost more than they could get for it. I didn't get operating costs out of the lumber that was manufactured."

He was asked whether his cutting was "selective cutting", and he said:

"No, sir, because we cut all that would make decking, caps and stringers and the rest that was left was only lumber material. And positive instructions were not to cut lumber."

On cross-examination Spence was asked:

"Q. Now, if you had an order for large, heavy stuff to use under warehouses and things of that kind. That would be selective cutting? A. Yes, sir, that's right. But in this case we cut everything that was merchantable due to the fact that there was no market for what we didn't cut.

"Q. But you did cut decking, caps and stringers? A. Yes, sir. That's all that would sell.

"Q. Because there was no market for lumber? A. Yes, sir."

Counsel for plaintiffs called special attention to the fact that Mr. Spence stated that he removed from the Nabors land all of the merchantable timber. These statements are not sufficient to support the theory that the Peavy-Wilson Lumber Company exercised all of its rights in the year 1932 or 1933, because the testimony of Spence makes it perfectly clear that he left on the land trees suitable for the manufacture of lumber, and that the reason for not removing the trees suitable for lumber was that there was no market for lumber. There is no pretense that there was ever a clean cutting of the timber on the land; that Spence or anyone else went over all parts of it and removed what timber was there. And there is no pretense that the Peavy-Wilson Lumber Company, Nabors' vendee, removed from the land in 1932 or 1933 the timber which Nabors sold, the timber estate, or that the lumber company intended at that time to remove the timber which it had purchased.

■ According to the Nabors deed, he sold all the timber of every character and description, which means all of the trees which were, in the year 1927, considered to be "timber", as that term is used by those engaged in the timber business. Cooley v. Meridian Lumber Co., 195 La. 631, 197 So. 255.

Plaintiffs made no effort to show that defendant had cut and removed any trees not included in the Nabors deed to the Peavy-Wilson Company.

■ An effort was made by plaintiff to show that the Peavy-Wilson Lumber Company had abandoned the Nabors property after the Spence cutting. But that effort failed. Spence testified—and he was the only witness questioned as to that point—that the manager of the Peavy-Wilson Lumber Company told him that at one time the company intended to establish a planing mill in the vicinity of this timber but that the company had abandoned the project and was considering selling all of its timber and leaving the state. Spence did not say that he was informed that the company intended to abandon this or any other timber it owned on lands belonging to others.

■ The testimony utterly fails to show that the Peavy-Wilson Lumber Company exercised all of its rights and privileges under the timber deed. We shall not discuss the jurisprudence applicable to the point raised by counsel in this case for the reason that we reviewed it in the Clark case, this day decided.

For the reasons herein stated and for the reasons stated in the case of C. B. Clark v. Weaver Brothers Realty Corporation, supra, No. 35693, this day decided, the judgment appealed from is reversed and set aside, and plaintiffs' suit is dismissed at their costs.